UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAJDI SHARARA,

    Plaintiff,

v.                                  No. 09-cv-14030
                                  United States District Judge Paul D. Borman
                                  Magistrate Judge Virginia M. Morgan

BANK OF AMERICA, N.A.,

    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

This matter comes before the Court on Defendant Bank of America, N.A.'s ("BOA") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. No. 5.) Plaintiff filed a response (Dkt. No. 7) and BOA filed a reply (Dkt. No. 8). A hearing was held on February 18, 2010 which was properly noticed by the Court on October 21, 2009 (Dkt. No. 6). Indeed, Plaintiff's counsel was reminded of the hearing date in a telephone conference initiated by the Court on February 10, 2010. (Dkt. Minute Entry, February 10, 2010.)

Counsel for Plaintiff did not appear at the hearing and, after unsuccessful attempts to reach counsel by phone, the Court heard argument from counsel for BOA. The Court, however, did read and take into consideration Plaintiff's written response to Defendant's motion. For the reasons that

---

[1] Plaintiff concedes in its response that BAC Home Loans Servicing ("BAC") is not a proper party and agreed not to contest the dismissal of BAC. Plaintiff's claims proceed, therefore, only against BOA.

1

follow, the Court GRANTS BOA's motion to dismiss.

**I.   BACKGROUND**

On January 12, 2007, plaintiff obtained two loans from Shore Mortgage to purchase property at 6148 Williamson Street, Dearborn, Michigan 48126. (The "Property"). (Compl. ¶¶ 6, 7, Ex. 1.) The first loan was in the amount of $116,160 and the second was in the amount of $29,040. (Def.'s Mot. Exs. A, B; Compl. ¶ 7.)[2] As security for the loans, Plaintiff granted two mortgages on the property to nonparty Mortgage Electronic Registration Systems, Inc. ("MERS") (who acts solely as nominee for Shore Mortgage and its successors and assigns). (Compl. ¶ 4; Def.'s Mot. Exs. A, B.) Shore Mortgage assigned the loans to Countrywide, as indicated on the endorsement on the Notes. (Compl. ¶ 4; Def.'s Mot. Exs. A, B.) Defendant BOA is a successor by merger to Countrywide. (Def.'s Resp. 1 n.2.)

**II.   STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State*

---

[2] Plaintiff does not attach a copy of the relevant mortgage documents to his Complaint but Defendant attaches copies to its Motion. The Court may consider the documents on this motion to dismiss, although they are not formally attached to the Complaint, because they are referred to in the Complaint and are central to Plaintiff's claims. *See Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 1999).

*of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Id*. at 555 (internal citations omitted). The Supreme Court recently clarified, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. at 1949-50 (internal citation and quotation marks omitted). A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969). In addition to the allegations and exhibits of the complaint, a court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant

attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (citations omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

## III. ANALYSIS

### A. Count I - Truth in Lending Act Claim for Damages and Rescission

#### 1. Plaintiff's claim for damages is barred by the statute of limitations and Plaintiff is not entitled to equitable tolling.

Plaintiff alleges a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* TILA contains a one year statute of limitations in section 140(e): "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "The statute begins to run when the plaintiff has a complete and present cause of action and thus can file suit and obtain relief." *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (unpublished) (citations omitted). Plaintiff obtained the loans on January 12, 2007 and filed this Complaint on September 4, 2009, almost three years later. Clearly, his claim for damages under TILA is time barred.

Plaintiff argues that he is entitled to equitable tolling of the TILA one-year statute of limitations. The Sixth Circuit has held that § 1640 can be subject to equitable tolling under certain circumstances, including when the defendant fraudulently concealed information. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 635 (6th Cir. 2007) (unpublished) (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984)). To prevail on a claim of fraudulent concealment, the plaintiff must show that: "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite

exercising due diligence." *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992).

Plaintiff claims that Defendant failed to make material disclosures to Plaintiff (but does not state what the material disclosures were) and failed make these disclosures in a timely fashion. (Compl. ¶¶ 10-11.) Plaintiff further states in response to Defendant's motion to dismiss: "Plaintiff alleges in his complaint that Defendant did not reveal all material terms of the note and mortgage and that Defendant also failed to make material disclosures to Plaintiff." (Resp. 6.) This is the sum total of Plaintiff's allegations. Plaintiff makes no claim that Defendant actively concealed information or actively misled Plaintiff in some way. Plaintiff must allege more than the underlying acts allegedly giving rise to the claims to state a claim of fraudulent concealment. *Thielen v. GMAC Mtg. Corp.*, No. 09-13689, 2009 WL 4432584 at * 5 (E.D. Mich. Dec. 2, 2009) (unpublished) ("[T]he alleged acts giving rise to the TILA and HOEPA claims cannot, standing alone, also support equitable tolling.") (citing *In re Community Bank of Northern Virginia*, 467 F. Supp. 2d 466, 479 (W.D. Pa. 2006)). In support of his argument for equitable tolling, Plaintiff merely restates his allegations that Defendant violated TILA. Without some allegation of affirmative conduct on the part of Defendant to conceal the facts misrepresented, or some allegation that Plaintiff exercised due diligence and was unable to discover the alleged concealment, Plaintiff's claim for equitable tolling must fail.

Because Plaintiff's claim for damages is time-barred, and because the doctrine of equitable tolling does not apply, this Court dismisses Plaintiff's claim for damages under TILA.

**2.      Rescission under TILA is not an available remedy on a residential mortgage.**

The right to rescind under TILA does not apply to residential mortgages. *See Murray v. Fifth*

5

*Third Bank*, No. 06-14246, 2007 WL 956916 at * 2 (E.D. Mich. March 28, 2007) (unpublished).

15 U.S.C. § 1635(e)(1) provides that the rescission provision of the act does not apply to a residential mortgage transaction as defined in section 1602(w) which provides:

> The term "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

Plaintiff does not dispute that the mortgage was obtained to finance the acquisition of a dwelling. Thus, Plaintiff has no right to rescind the loans.[3]

### B.    Count II - Predatory Lending

Michigan does not recognize a claim for predatory lending. *See, e.g. Saleh v. Home Loan Services, Inc.*, No. 09-10033, 2009 WL 2496682 (E.D. Mich. Aug. 17, 2009) (unpublished); *Swarich v. Onewest Bank, F.S.B.*, No. 09-13346, 2009 WL 4041947 (E.D. Mich. Nov. 20, 2009) (unpublished); *Beydoun v. Countrywide Home Loans, Inc., et al,* No. 09-10445, 2009 WL 1803198 (E.D. Mich. June 23, 2009) (unpublished). "When adjudicating state-law claims, this Court is required to decide an issue of state law as would the highest court of that state. Plaintiff has failed to proffer authority to support a conclusion that the Michigan Supreme Court would recognize an independent tort claim of 'predatory lending.'" *Swarich, supra* at * 5. The Court dismisses

---

[3] Because the Court concludes that Plaintiff's TILA claim is time-barred and Plaintiff has no right under TILA to rescind, it need not address Defendant's other arguments that (1) BOA is not a creditor as defined by the TILA; (2) BOA was not the originator of the loan, does not appear as a person "initially payable on the face of the evidence of indebtedness" and therefore is not covered by the disclosure requirements of TILA (s*ee* 15 U.S.C. § 1602(f)); and (3) section 1639(h) ("HOEPA") does not apply to a mortgage transaction that finances the acquisition of a dwelling. *See Breitmeyer v. Citimortgage*, No. 09-11560, 2009 WL 3628005 at *6 (E.D. Mich. Oct. 30, 2009) (unpublished) (noting that a loan under 1639(h) is one secured by a consumer's principal dwelling which was not made to finance the dwelling's original construction or purchase).

Plaintiff's claim for predatory lending.

### C. Count III - Michigan Consumer Protection Act ("MCPA")

BOA argues that it is exempt from the provisions of the MCPA because the statute does not apply to "transaction[s] or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." M.C.L. § 445.904. BOA states that the mortgage transactions at issue are specifically authorized by multiple state and federal laws. *See Newton v. Bank West*, 262 Mich. App. 434, 441 (2004) ("It is abundantly clear, on the basis of a mere overview of applicable law, that federal savings banks making residential mortgage loans are engaged in transactions specifically authorized under laws administered by a regulatory board or officers acting under United States statutes.") As Defendant points out in its motion, *Attorney General v. Diamond Mtg.* Co., 414 Mich. 603 (1982), on which Plaintiff relies in support of its argument that BOA is not exempt from the MCPA, is inapposite. *Diamond* involved a real estate broker writing mortgages without a license. BOA is a licensed mortgage lender and Plaintiff's reliance on *Diamond* is misplaced. *See Hanning v. Homecomings Fin. Networks*, 436 F. Supp. 2d 865, 869 (W.D. Mich. 2006) (distinguishing *Diamond Mortgage*, noting that defendants were not brokers writing mortgages without a license but licensed mortgage lenders). The Court dismisses Plaintiff's claim under the MCPA.

### IV. CONCLUSION

Because (1) Plaintiff's TILA claim is barred by the applicable statute of limitations and equitable tolling does not apply; (2) the rescission provisions under TILA do not apply to Plaintiff's mortgage; (3) Predatory Lending is not a recognized cause of action in Michigan; and (4) BOA is exempt from the MCPA, this Court GRANTS BOA's motion to dismiss Plaintiff's Complaint.

IT IS SO ORDERED.

                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: February 23, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 23, 2010.

                                                s/Denise Goodine  
                                                Case Manager